UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————————X

DEBRA FLOWERS,

                                        Plaintiff,          **NOTICE OF REMOVAL**

                    -against-                               Case No. 19-CV-6115

NEW YORK CITY DEPARTMENT OF EDUCATION;
SHEILA S. GORSKI, COMMUNITY SCHOOL
SUPERINTENDENT OF DISTRICT 32, IN HER
OFFICIAL AND INDIVIDUAL CAPACITY, PHYLLIS
RAULLI, PRINCIPAL OF P.S./I.S. 384K FRANCES E.
CARTER SCHOOL, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY

                                        Defendants.

————————————————————————————X

**TO:   THE UNITED STATES DISTRICT COURT,
        EASTERN DISTRICT OF NEW YORK**

        Defendant, the Department of Education of the City of New York ("DOE")[1], by

and through its attorney James L. Johnson, Corporation Counsel of the City of New York,

respectfully move this Court as follows:[2]:

        1.      On or about October 17, 2019, Defendant DOE received by personal

service on the Office of the Corporation Counsel a Summons and Complaint filed in the

Supreme Court of the State of New York, County of Kings, under Index No. 521430/19, DOE,

Sheila S. Gorski, and Phyllis Raulli as the Defendants therein, and setting forth the claims for

relief upon which the action is based.

---

[1] "New York City Department of Education" is formally the Board of Education of the City School District of the City of New York, as defined and existing pursuant to the New York State Education Law.
[2] Since on information and belief, individually named defendants Sheila S. Gorski and Phyllis Raulli have yet to be personally served with the Summons and Complaint, DOE is filing this notice of removal without their consent and on their behalf.

2.      A copy of Plaintiff's Summons and Complaint is annexed hereto as Exhibit "A."

3.      Plaintiff brings this action alleging, *inter alia*, that Defendants DOE, Sheila S. Gorski, and Phyllis Raulli violated her first amendment rights by retaliating against her for exercising her freedom of speech in violation of 42 U.S.C § 1983. See Exhibit "A."

4.      The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges claims which arise under the laws of the United States. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441 and 1443.

5.      This Notice of Removal is timely because it is being filed within thirty days of Defendant's receipt of the Summons and Complaint. See 28 U.S.C. § 1446 (b).

6.      Pursuant to 28 U.S.C. §1466(d), counsel for Defendant DOE shall promptly provide plaintiff with written notice of the filing of this Notice of Removal, and shall file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Kings.

7.      Defendant DOE reserves all claims and defenses, including, without limitation, those set forth in Rule 12(b) of the Federal Rules of Civil Procedure

8.      Defendant DOE is unaware of any previous application for the relief requested herein.

**WHEREFORE**, Defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated:      New York, New York
            November 4, 2019

JAMES L. JOHNSON
Corporation Counsel
 of the City of New York
Attorney for Defendant
100 Church Street, Room 2-109(d)
New York, New York 10007
(212) 356-0879
myaqoob@law.nyc.gov


By: _____/s/_____

        M. Adil Yaqoob
        Assistant Corporation Counsel


TO:    Debra Flowers
       Plaintiff *Pro Se*
       134-19 Francis Lewis Blvd
       New York, New York 11413
       (347) 867-7623

# EXHIBIT A

Case 1:19-cv-06115-RPK-SJB    Document 1    Filed 11/04/19    Page 5 of 19 PageID #: 28

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF KINGS

———————————————————————————————————-

DEBRA FLOWERS                                                              Index No.

PLAINTIFF,

-against-                                              Summons

NEW YORK CITY DEPARTMENT OF EDUCATION;
SHEILA S. -GORSKI, COMMUNITY SCHOOL SUPERINTENDENT
OF DISTRICT 32, IN HER OFFICIAL AND INDIVIDUAL CAPACITY,
PHYLLIS RAULLI, PRINCIPAL OF P.S./I.S. 384K FRANCES E. CARTER          Date Index
SCHOOL, IN HER OFFICIAL AND INDIVIDUAL CAPACITY.                       No. Purchased:

DEFENDANTS.

———————————————————————————————————-

To the above named Defendants

NEW YORK CITY DEPARTMENT OF EDUCATION; SHEILA S. -GORSKI, PHYLLIS RAULLI
N.Y.C. DEPARTMENT OF EDUCATION
52 CHAMBERS STREET, ROOM 320, B4
NEW YORK, NEW YORK 10007

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is Kings County Supreme Court which is the County in which Defendants were employers and Plaintiff was employee.

New York                                          by:  Debra Flowers
September 30, 2019                                 Pro Se
                                                  134-19 Francis Lewis Blvd
                                                  Laurelton, N.Y. 11413
                                                  347-886-7623

1

Case 1:19-cv-06115-RPK-SJB    Document 1    Filed 11/04/19    Page 6 of 19 PageID #: 29

2

Case 1:19-cv-06115-RPK-SJB    Document 1    Filed 11/04/19    Page 7 of 19 PageID #: 30

DEBRA FLOWERS

                Plaintiff                               <u>COMPLAINT</u>

        -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
SHEILA S.-GORSKI, COMMUNITY SCHOOL SUPERINTENDENT
OF DISTRICT 32, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY,  PHYLLIS RAULLI, PRINCIPAL OF P.S./I.S 384K
FRANCES E. CARTER SCHOOL, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY.
                      Defendant

_____

       Plaintiff DEBRA FLOWERS, as for her Complaint against Defendants,

respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action seeking monetary and equitable relief based upon

Defendants' violations of 42 U.S.C Section 1983 and New York Civil Service Law

Section 75-b (hereinafter "CLS 75-b") as a result of maltreatment and retaliatory

actions taken against her as a teacher employed by Defendants since filing grievances/

appeals against school principal of P.S. 384K Frances E. Carter and community school

superintendent of district 32, resulting in the termination of employment.

2.     Plaintiff seeks economic and compensatory damages and punitive damages to

the extent allowable by law, and other appropriate legal and equitable relief pursuant to

federal, state, and city law.

3

Case 1:19-cv-06115-RPK-SJB    Document 1    Filed 11/04/19    Page 8 of 19 PageID #: 31

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C.  1331 as this matter involves federal questions.

4.      This action's venue properly lies in the 2nd Judicial District-Civil Term Kings County Supreme Court of New York, pursuant to 28 U.S.C 1391, because the NYCDOE is located at 65 Court Street, Brooklyn, New York 11201.

5.      This Court has the power to issue declaratory relief pursuant to 28 U.S.C 2201 and 2202.

6.      This Court has supplemental jurisdiction over Plaintiff's state and city law claims under 28 U.S.C  1367(a).

7.      Plaintiff previously served a Written Verified Notice of Claim on Defendants regarding his state and city law claims, which has not yet been adjusted to date.

## PARTIES

8.      Plaintiff is a resident of Queens County and the State of New York.

4

9.      Plaintiff was employed as a New York City Department of Education Special Education Teacher in the county of Brooklyn and the State of New York from 11-4-2013 to 11-3-2017.

10.     At all times relevant herein, Petitioner was a "public employee" of Defendant within the meaning of New York State Civil Service Law 75-b(1)(b).

11.     At all times relevant herein, Defendant New York City Department of Education ("NYCDOE") was a "public employer" within the meaning of New York State Civil Service Law 75-b(1)(a).

12.     At all times relevant herein, Defendant Phyllis Raulli was the principal of  P.S./I.S. 384k Frances E. Carter, a school within the New York City Department of Education.

13.     At all times relevant herein, Defendant Sheila S.-Gorski was the Community Superintendent of District 32, a district within the New York City Department of Education.

**STATEMENT OF FACTS**

14.     Plaintiff worked at P.S./I.S. 384K Frances E. Carter New York City Department of Education public school under the principal leadership of  Phyllis Raulli from

5

Case 1:19-cv-06115-RPK-SJB   Document 1   Filed 11/04/19   Page 10 of 19 PageID #: 33

11-04-2013 to 11-03-2017 obtaining Professional Certification in licensed areas of Students with Disabilities 1-6 and General Education 1-6.

15.     Plaintiff, employed as a special education teacher has shown that service as a special education teacher was competent, efficient and satisfactory with composite annual professional performance review ratings for all service time as required of Education Law-EDN 2573.5(a),(b).

16.     Plaintiff, under the New York City Department of Education's Advance Overall Rating System received the following composite annual professional performance review ratings for the following school years:  2013-2014- Effective, 2014-2015- Effective, 2015-2016- Developing, 2016-2017- Effective.

17.     Plaintiff has never received an Advance Overall rating of Ineffective and Plaintiff's MOSL's (Measures of Student Learning) indicating student growth has been rated Effective for all 4 years.

18.     During the 2014-2015 school year, Plaintiff approached the principal with concerns about the methods required to address the needs and fulfillment of IEP goals of students with disabilities.  The principal did not like Plaintiff's concerns, therefore; initiating retaliatory and harassing practices towards Plaintiff.

6

19.     During the 2015-2016 school year, the principal targeted Plaintiff's Measure of Teachers Practice (MTOP) ratings with low scores in attempt to produce an ineffective or developing overall rating.

20.     During the 2015-2016 school year, Plaintiff received an Effective rating for Measures of student learning, showing student growth even though Plaintiff received a Developing for Measures of teacher practice.

21.     During the 2015-2016 school year, the principal requested collection of Plaintiff's lesson plans on a weekly basis without regard to contract/memorandum of agreement prohibiting collection of lesson plans when Plaintiff achieved an Effective overall rating in previous year.

22.     Plaintiff was retaliated against and harassed with letters in file.

23.     Plaintiff filed a grievance with school union chapter leader for letters requesting collection of lesson plans.

24.     Plaintiff's 2015-2016 Advance Overall rating was discovered to have discrepancies.  Scored results of a student was missing from overall rating.  Plaintiff filed a DCR (Data Corrections Requests) concerning MOSL ratings and an APPR final ratings issue complaint.  Only 3 special education teachers had NYSAA students,

7

Case 1:19-cv-06115-RPK-SJB    Document 1    Filed 11/04/19    Page 12 of 19 PageID #: 35

students who took the New York State Alternate Assessment which included Plaintiff. Plaintiff was the only teacher who did not receive credit for student score.

25.    During the 2015-2016 school year, Plaintiff was eligible for tenure.  The principal extended Plaintiff's probation.

26.    During the 2016-2017 school year, Plaintiff filed a grievance for harassment with school chapter leader for threats of non-tenure and hostile work environment for stating Plaintiff spelled economics incorrectly.  Principal entered classroom and took pictures of library bin labeled with the word economics with her phone.

27.    On August 30, 2017, Plaintiff received a letter of denial of completion of probation, terminating Plaintiff's employment in 60 days from the principal addressed from the school and not signed by superintendent.  Plaintiff filed a grievance/appeal of the denial of completion of probation issued to her on August 31, 2017.

28.    November 3, 2017 was the last day the Plaintiff worked as an employee for the NYCDOE.

29.    Appeals hearing was held on June 7, 2018.  Plaintiff exhausted all remedies within the NYCDOE to grieve the denial of completion of probation. Maltreatment and retaliatory actions such as principal Phyllis Raulli not participating as mandated in the scheduled appeals hearing on June 7, 2018, resulting in an unfair hearing with no

8

Case 1:19-cv-06115-RPK-SJB   Document 1   Filed 11/04/19   Page 13 of 19 PageID #: 36

substantial evidence against Plaintiff and by the Community School Superintendent, Sheila S.- Gorski of district 32 sending a letter by mail and received by Plaintiff on July 2, 2018 reaffirming the previous action of the principal without sufficient evidence, resulting in loss of employment as a special education teacher within the NYCDOE.

30.     To date, Plaintiff has a red flag and a discontinuance associated with her name within the NYCDOE and has had an ineligible status from NYCDOE to work as a provider within the NYCDOE.

## FIRST CLAIM FOR RELIEF

## RETALIATION AGAINST PLAINTIFF FOR EXERCISING FREEDOM OF SPEECH IN VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS

31.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

32.     While acting under color of State Law, Defendants violated Plaintiff's First Amendment rights by retaliating against her for exercising her freedom of speech as a citizen with regard to matters of public concern by reporting unethical practices of not being able to address the IEP ( Individualized Education Plan ) goals of students with

9

disabilities within the classroom, in the form, inter alia, of school administration placing

unwarranted disciplinary letters in her personnel file, issuing Plaintiff unwarranted

developing and ineffective observations and terminating employment.

33.    As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff

has suffered and continues to suffer a loss of past and future income, monetary

damages, humiliation, severe emotional distress, mental and physical anguish and

suffering, and damage to her professional reputation, in an amount to be determined at

trial.

## SECOND CLAIM FOR RELIEF

## RETALIATION IN VIOLATION OF NEW YORK STATE

## CIVIL SERVICE LAW 75-B

34.    Plaintiff repeats and re-alleges the allegations set forth in the preceding

paragraphs, as if fully set forth herein.

35.    Plaintiff reported violations about federal, city and state law violations by the

school administration regarding unethical practices regarding grading issues, and

thereby engaged in a protected activity as defined in New York Civil Service Law 75-

b(2)(a).

36.    Defendants had notice that Plaintiff participated in such protected activities.

10

Case 1:19-cv-06115-RPK-SJB   Document 1   Filed 11/04/19   Page 15 of 19 PageID #: 38

37.     Defendants retaliated against Plaintiff by engaging in adverse "personnel actions" as defined by New York Civil Service Law 75-b(1)(d).  Specifically, Defendants subjected Plaintiff to a retaliatory hostile work environment, including but not limited to: placing unwarranted disciplinary letters in file, threatening her livelihood and termination of employment.

38.     As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to her professional reputation, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### ( Intentional and/or Negligent Infliction of Emotional Distress )

40.     Plaintiff repeats and re-alleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

41.     Each and every defendant did, without justification, intentionally harm the Plaintiff by playing a part in seeking to wrongfully terminate her from her employment, and some did harm the Plaintiff by damaging her ability to subsequently be hired in any

11

and all districts within the NYCDOE, thereby causing her intentional and/or negligent infliction of emotional distress.

42.    As a result of the foregoing, Plaintiff did suffer damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### ( Defamation and Libel )

43.    While and after Plaintiff was employed by Defendant NYCDOE, Defendants, did, in statements and in writing, with malice aforethought , disseminate about the Plaintiff false personal and professional information, with knowledge of its falsity or with reckless disregard of its falsity.

44    These statements and writings have, in a variety of ways both professional and personal, damaged Plaintiff in the past, the present, and in perpetuity.

45.    As a result of the foregoing, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## <u>JURY DEMAND</u>

46.    Plaintiff hereby demands a trial by Jury.

12

## PRAYER/DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendants as follows:

a.      Judgment declaring that Defendants acts violated Plaintiff's rights as secured by federal, state and city law prohibiting retaliation in employment;

b.      Enjoining defendants from any further acts adversely affecting the terms and conditions of Plaintiff's employment including her compensation and privileges;

c.      Compensatory damages to compensate Plaintiff for economic loss, damage to name, profession, career and reputation, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

d.      Punitive damages against one or all of the Defendants;

e.      Court fees, interest, costs, and disbursements, and

13

f.          For such other further legal and equitable or other relief as the

Court deems just and proper.

Dated:  September 30, 2019

Debra Flowers

134-19 Francis Lewis Blvd

Laurelton, NY 11413

347-886-7623

flos190@aol.com

Plaintiff, In Proper Person

14

Case 1:19-cv-06115-RPK-SJB    Document 1    Filed 11/04/19    Page 19 of 19 PageID #: 42

15