19-CV-6115 (MKB)-(SJB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEBRA FLOWERS,

Plaintiff,

- against -

THE BOARD OF EDUCATION OF THE CITY OF
NEW YORK, SHEILA S. GORSKI, COMMUNITY
SCHOOLSUPERINTENDENT OF DISTRICT 32, IN
HER OFFICIAL AND INDIVIDUAL CAPACITY,
PHYLLIS RAULLI, PRINCIPAL OF P.S./I.S. 384K
FRANCES E.CARTER SCHOOL, IN HER OFFICIAL
AND INDIVIDUAL CAPACITY

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
*Attorney for the Defendants*
100 Church St, Rm 2-109 (d)
New York, N.Y.  10007
myaqoob@law.nyc.gov

*Of Counsel:*     M. Adil Yaqoob
*Telephone*:      (212) 356-0879
*Matter No.*:     2019-071101

Yuval Rubinstein,
M. Adil Yaqoob
    Of Counsel.

## TABLE OF CONTENTS

**PAGE**

**PRELIMINARY STATEMENT** ................................................................................ 1

**FACTUAL BACKGROUND** ................................................................................... 2

**ARGUMENT** ............................................................................................................ 4

        **POINT 1** ......................................................................................................... 4

                **PLAINTIFF'S STATE COMMON LAW
                CLAIMS AGAINST THE BOE AND ITS
                EMPLOYEES ARE BARRED BY HER
                FAILURE TO FILE A TIMELY OR
                SUFFICIENT NOTICE OF CLAIM** ................................... 4

        **POINT II** ....................................................................................................... 6

                **PLAINTIFF'S STATE LAW CLAIMS ARE
                BARRED FOR HER FAILURE TO COMPLY
                WITH THE APPLICABLE STATUTE OF
                LIMITATIONS** .................................................................. 6

        **POINT III** ..................................................................................................... 6

                **PLAINTIFF'S CLAIM FOR FIRST
                AMENDMENT RETALIATION MUST BE
                DISMISSED FOR HER FAILURE TO STATE
                A CLAIM THAT IS PLAUSIBLE ON ITS
                FACE** ................................................................................... 6

**CONCLUSION** ....................................................................................................... 13

## TABLE OF AUTHORITIES

**Federal Cases**                                                                 **Page(s)**

Agyeman v. Roosevelt Union Free Sch. Dist., 254
    F. Supp. 3d 524 (E.D.N.Y. 2017). ............................................................9

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
    459 U.S. 519, 526 (1983) ..........................................................................7

Ashcroft v. Iqbal.,
    556 U.S. 662 (2009)..............................................................................7,12

Bell Atl. Corp. v. Twombly
    550 U.S. 555 (2007)................................................................................7,8

Borst v NY City Dept. of Educ.
    2019 US Dist LEXIS 167870 (EDNY Sep. 27, 2019) ...........................6

Butts v NY City Dept. of Educ.,
    2018 US Dist LEXIS 170195 (EDNY Sep. 28, 2018) ...........................9

Coleman v. Brokersxpress, LLC
    375 Fed. App'x 136 (2d Cir. 2010)...........................................................7

Connick v. Meyers,
    461 U.S. 138 (1983).................................................................................9

Edwards v. Jericho Union Free Sch. Dist.,
    904 F. Supp. 2d 294 (E.D.N.Y. 2012) ................................................4, 6

Einsohn v NY City Dept. of Educ.,
    2019 US Dist LEXIS 167878 (EDNY Sep. 27, 2019) ...........................11

Elec. Comm. Corp. v. Toshiba Am. Consumer Prods., Inc.
    129 F.3d 240 (2d Cir. 1997)......................................................................7

Felder v. Casey
    487 U.S. 131 (1988) .................................................................................4

Felton v. Katonah Lewisboro Sch. Dist.
    No. 08 Civ. 9340, 2009 U.S. Dist. LEXIS 64660 (S.D.N.Y. July 27, 2009) ........................10

Frisenda v. Incorporated Village of Malverne
    775 F. Supp. 2d 486 (E.D.N.Y 2011) ..................................................11,12

Garcetti v. Ceballos
     547 U.S. 410 (2006)..............................................................................8, 10

Healy v. City of New York Dep't of Sanitation,
     286 Fed. App'x 744 (2d Cir. 2008).............................................................12

Irwin v. West Irondequoit Cent. Sch. Dist.,
     2017 U.S. Dist. LEXIS 29982 (W.D.N.Y. Mar. 2, 2017) ......................................12

Iqbal v. Hasty,
     490 F.3d 143 (2d Cir. 2007) ..................................................................8

Johnson v. Ganim
     342 F. 3d 105 (2d Cir 2003)...................................................................8

Maniruzzaman v. Holder,
     366 Fed. App'x 231 (2d Cir. 2010) .............................................................8

Massaro v. N.Y. City Dep't of Educ.,
     481 Fed. Appx. 653 (2d Cir. 2012)............................................................10

Mulcahey v. Mulrenan,
     No. 06-4371, 2008 US Dist. LEXIS 665 (S.D.N.Y Jan. 3, 2008) .............................10

Papasan v. Allain,
     478 U.S. 265 (1986) .........................................................................7

Rivera v. City of New York,
     392 F. Supp. 2d 644 (S.D.N.Y. 2005) .......................................................5

Ross v. New York City Dep't of Educ.,
     935 F. Supp. 2d 508 (E.D.N.Y. 2013) ......................................................9

Shums v. N.Y. City Dep't of Educ.,
     No. 04-cv-4589, 2009 U.S. Dist. LEXIS 21229 (E.D.N.Y. Mar. 17, 2009) .................10

Solomon v De Blasio,
     2018 US Dist LEXIS 213929 (E.D.N.Y Dec. 18, 2018) ....................................12

Sousa v. Roque,
     578 F.3d 164 (2d Cir. 2009) ................................................................9

Thomas v. N.Y.C. Dep't of Educ.,
     No. 09-CV-5167, 2011 U.S. Dist. LEXIS 32801 (E.D.N.Y. Mar. 29, 2011) ................12

Triestman v. Fed. Bureau of Prisons
    470 F.3d 471 (2d Cir. 2006) ............................................................................8

White v City of NY,
    2014 US Dist LEXIS 123255 (S.D.N.Y Sep. 3, 2014) ........................................9

Weintraub v. Bd. of Educ.,
    593 F.3d 196, 203 (2d Cir. N.Y. 2010) ...........................................................10

**State Cases**

Brown v. City of New York,
    95 N.Y.2d 389 (2000) .....................................................................................5

Davidson v. Bronx Municipal Hospital,
    64 N.Y.2d 59 (1984) ........................................................................................4

Donas v City of NY,
    62 AD3d 504 (1st Dep't. 2009) .......................................................................6

Murray v. LeRoy Central School District,
    67 N.Y.2d 775 (1986) .....................................................................................4

O'Brien v. City of New York,
    54 N.Y.2d 353 (1981) .....................................................................................5

Urena v. City of New York,
    221 A.D.2d 429 (2d Dep't. 1995) ...................................................................5

**Federal Statutes**

42 U.S.C. § 1983 ("§ 1983")............................................................................1

First Amendment ................................................................................ *passim*

**State and Local Statutes**

New York State Civil Service Law § (75)(b) .........................................1, 4,5

New York Education Law § 3813 ...................................................... *passim*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

DEBRA FLOWERS,

                                                    Plaintiff,          19-CV-6115 (RPK)-(SJB)

                         - against -

THE BOARD OF EDUCATION OF THE CITY OF NEW
YORK, SHEILA S. GORSKI, COMMUNITY
SCHOOLSUPERINTENDENT OF DISTRICT 32, IN
HER OFFICIAL AND INDIVIDUAL CAPACITY,
PHYLLIS RAULLI, PRINCIPAL OF P.S./I.S. 384K
FRANCES E.CARTER SCHOOL, IN HER OFFICIAL
AND INDIVIDUAL CAPACITY
                                                    Defendants.
----------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT P

### PRELIMINARY STATEMENT

        Plaintiff *pro se* Debra Flowers ("Plaintiff"), who was formerly employed as a

probationary special education teacher for defendant the Board of Education of the City School

District of the City of New York ("BOE") (also known as the "Department of Education"),

brings this action under 42 U.S.C. § 1983 alleging violations of her First Amendment rights,

more specifically she alleges that she was retaliated for having spoken out on a matter of public

concern[1].  Plaintiff further alleges that defendants violated New York State Civil Service Law

Section 75(b) for similar conduct.   Finally, Plaintiff alleges tort claims under New York law

---

[1] Plaintiff filed her Complaint in New York Supreme Court, County of Kings on September 30, 2019 and served Defendant BOE with the Summons and Complaint on October 17, 2019. Defendants removed the case United States District Court for the Eastern District of New York on November 4, 2019.

against defendants for defamation and for intentional and/or negligent infliction of emotional distress.

Defendants[2] now moves for an order dismissing the Complaint in its entirety on the grounds that: (1) plaintiff's claims for under New York state law for defamation, intentional and/or negligent infliction of emotional distress and New York State Civil Service Law 75(b) are time-barred, and further barred for her failure to file a sufficient notice of claim and; (2) plaintiff has failed to state a plausible claim for First Amendment retaliation.

## **FACTUAL BACKGROUND[3]**

Plaintiff alleges that she began working for the BOE as a special education teacher on November 4, 2013, assigned to P.S./I.S. 384K, Frances E. Carter Public School ("Francis E. Carter").  See Complaint ¶ 14, Exhibit "A,"[4]  Plaintiff alleges that for every school year she was at Francis E. Carter, aside from the 2015-16 school year in which she received a "Developing" rating, she received an "Effective" overall composite annual professional performance review rating. See id. at ¶ 16.

Plaintiff alleges that during the 2014-15 school year, plaintiff approached Principal of Frances E. Carter Phyllis Raulli ("Principal Raulli) "with concerns about the methods required to address the needs and fulfillment of IEP goals of students with disabilities." See Complaint ¶ 18.  Plaintiff alleges that because Principal Raulli did not like her concerns she thereafter initiated "retaliatory and harassing" practices towards Plaintiff. See id. at 18.

---

[2] This Motion to Dismiss is filed on behalf of Sheila S. Gorski and Phyllis Raulli, although upon information and belief, Plaintiff has not effectuated proper service upon either of these individual defendants and they are not yet represented by this office.

[3] This statement of facts is derived from the complaint and defendants neither admit nor deny those allegations.  For the purposes of this motion to dismiss only, the material factual allegations asserted by plaintiff are deemed to be true.

[4] All exhibits are annexed to the Declaration of M. Adil Yaqoob dated April 7, 2020.

According to Plaintiff, "[d]uring the 2015-2016 school year, the principal targeted Plaintiff's Measure of Teachers Practice (MTOP) ratings with low scores in attempt to produce an ineffective developing overall rating." See id. at ¶ 19.  Plaintiff further alleges that Principal Raulli requested Plaintiff's lesson plans on a weekly basis despite the fact that Plaintiff had an "Effective" rating the year before. See id. at ¶ 21. Additionally, plaintiff claims that she was "retaliated against and harassed" with unwarranted disciplinary letters. See  id. at ¶ 22, 32.

Plaintiff alleges that although she was eligible for tenure during the 2015-16 school year, her probationary employment was extended. See Complaint ¶ 25. During the 2016-17 school year, Plaintiff allegedly filed a grievance for harassment "for threats of non-tenure and hostile work environment for stating Plaintiff spelled economics incorrectly." See id. at ¶ 26.  On August 30, 2017, plaintiff received a letter of denial of completion of probation terminating her employment with BOE. See id. at ¶ 27. On August 31, 2017, plaintiff filed an appeal of denial of completion of probation. See id. November 3, 2017 was the last plaintiff worked as an employee with BOE. See id. at ¶ 28.  Plaintiff's appeal of BOE's denial of completion of probation was heard on June 7, 2018 and she claims that principal Raulli further retaliated against her by not participating in the hearing. See id. at ¶ 29.  On July 2, 2018, plaintiff claims that she received an email reaffirming the denial of completion of probation. See id.  She further claims that, "[t]o date, plaintiff has a red flag and a discontinuance associated with her name within the NYCDOE and has had an ineligible status from NYCDOE to work as a provider within the NYCDOE." See id. at ¶ 30.

Plaintiff commenced the instant action on September 30, 2019.

**ARGUMENT**

**POINT 1**

**PLAINTIFF'S STATE COMMON LAW CLAIMS AGAINST THE BOE AND ITS EMPLOYEES ARE BARRED BY HER FAILURE TO FILE A TIMELY OR SUFFICIENT NOTICE OF CLAIM**

Plaintiff purports to assert a claim for violation of New York State Civil Service Law Section 75)-b and tort claims under New York state law for defamation, intentional and/or negligent infliction of emotional distress.  <u>See</u> Complaint at ¶¶ 34-38 (Civil Service Law 75-b); ¶¶ 40-42 (intentional and/or negligent infliction of emotional distress); ¶¶ 43-45 (defamation). "Federal courts entertaining state-law claims are obligated to apply the notice-of-claim provision" mandated by New York State law.  <u>Felder v. Casey</u>, 487 U.S. 131, 151 (1988); <u>see also</u> N.Y. Educ. Law § 3813(1).  Notice of claim requirements are construed strictly by New York state courts, <u>see</u> <u>Murray v. LeRoy Central School District</u>, 67 N.Y.2d 775, 775 (1986), and failure to comply with the requirements ordinarily requires a dismissal for failure to state a cause of action.  <u>Davidson v. Bronx Municipal Hospital</u>, 64 N.Y.2d 59, 62 (1984).  Plaintiff bears the obligation to plead and prove that she filed a notice of claim within three months after the accrual of her claims.  <u>Edwards v. Jericho Union Free Sch. Dist.</u>, 904 F. Supp. 2d 294, 306 (E.D.N.Y. 2012), <u>citing</u> N.Y. Educ. Law § 3813(1).

New York Education Law § 3813(1) provides that no action, "for any cause whatever," shall be maintained against a school district or board of education:

> [U]nless it shall appear *by and as an allegation in the complaint* [...] that a written verified claim upon which such action [...] is founded was presented to the governing body of said district or school *within three months* after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make

an adjustment or payment thereof for thirty days
after such presentment.

N.Y. Educ. Law § 3813(1) (emphasis added).  The three-month notice of claim requirement also

applies to claims "against any teacher or member of the supervisory or administrative staff or

employee where the alleged tort was committed by such teacher or member or employee acting

in the discharge of his duties within the scope of his employment […]."   N.Y. Educ.

Law § 3813(2).

Moreover, to determine the sufficiency of a notice of claim, the relevant inquiry is

"whether it includes information sufficient to enable the [municipality] to investigate the claim . .

. ." O'Brien v. City of New York, 54 N.Y.2d 353, 357 (1981). Specifically, the notice should

include a description sufficient to allow the municipality to "locate the place, fix the time [,] and

understand the nature of the [claim]." Brown v. City of New York, 95 N.Y.2d 389, 393 (2000).

A plaintiff cannot bring a cause of action that was not identified in the notice of claim. See

Rivera v. City of New York, 392 F. Supp. 2d 644, 657 (S.D.N.Y. 2005) (striking cause of action

not identified in notice of claim); Urena v. City of New York, 221 A.D.2d 429 (2d Dep't. 1995)

(plaintiff's complaint is limited to causes of action set forth in notice of claims)

In the case at bar, plaintiff did not set forth a claim under, defamation, or

intentional and/or negligent infliction of emotional distress within her notice of claim. See

Plaintiff's Notice of Claim, Exhibit "B." Therefore, she cannot now bring a cause of action

alleging such common-law claims against BOE nor can she bring a claim for defamation,

intentional, or negligent infliction of emotional distress against any of the individually named

defendants in this matter.  In addition, Plaintiff filed her notice of claim on September 19, 2018,

therefore all of her state law tort claims that accrued prior to June 21, 2018 are barred by failure

to file a timely notice of claim. Plaintiff has failed to allege any facts or circumstances that

occurred after June 21, 2018 that would give rise to any claims for violation of state tort law. See Complaint; Edwards 904 F. Supp. 2d at 306.

## POINT II

### PLAINTIFF'S STATE LAW CLAIMS ARE BARRED FOR HER FAILURE TO COMPLY WITH THE APPLICABLE STATUTE OF LIMITATIONS

In addition to plaintiff's failure to file a sufficient timely notice of claim, Plaintiff's Civil Service Law § 75-b claims have a one-year statute of limitations, and, accordingly, all of Plaintiff's claims pursuant to Civil Service Law § 75-b accruing prior to September 30, 2018 are time-barred. Donas v City of NY, 62 AD3d 504, 505 (1st Dep't. 2009) (a claim under Civil Service Law § 75-b must be brought within one year after it accrues) Plaintiff has failed to allege any facts or circumstances that occurred after September 30, 2018 that would give rise to any claims for violation of Civil Service Law § 75-b . Furthermore, a tort action, other than one for wrongful death, against BOE and its employees must be commenced within a year and ninety days within of the act complained of.   N.Y. Educ. Law § 3813(2); see Borst v NY City Dept. of Educ., 2019 US Dist LEXIS 167870 * 20 (EDNY Sep. 27, 2019). Since Plaintiff was denied tenure in August of 2017, her state tort claims are time-barred. See id. ("Borst was denied tenure at the end of June 2015 - almost two years before she commenced this action. Although she appealed her termination, those appeals did not toll the limitations period or extend her time to bring a tort action relating to this termination.")

## POINT III

### PLAINTIFF'S CLAIM FOR FIRST AMENDMENT RETALIATION MUST BE DISMISSED FOR HER FAILURE TO STATE A CLAIM THAT IS PLAUSIBLE ON ITS FACE

## A.  The Applicable Standard in Reviewing a Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss, a federal complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Id. (citation omitted).  The U.S. Supreme Court clarified this standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009), stating that a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

This standard must be read together with the familiar admonition that courts may neither "'assume that the [plaintiff] can prove facts that [he] has not alleged,'"  Elec. Comm. Corp. v. Toshiba Am. Consumer Prods., Inc., 129 F.3d 240, 243 (2d Cir. 1997) (quoting Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983)) (alteration in original), nor "accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986) (citation omitted); see also Coleman v. Brokersxpress, LLC, 375 Fed. App'x 136, 137 (2d Cir. 2010) ("Given the absence of specific factual allegations, the complaint does not support the inference that defendants are liable for the misconduct alleged." (emphasis added).  Therefore, a complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where it fails to plead facts sufficient to demonstrate a plausible entitlement to relief.  See Iqbal, 129 S. Ct. at 1949.

In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the [ ] defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. […] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). The ultimate determination of whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)).

Although courts must construe a *pro se* plaintiff's papers broadly, "to raise the strongest arguments that they suggest[,]" Maniruzzaman v. Holder, 366 Fed. App'x 231, 232 (2d Cir. 2010) (internal citation omitted), a plaintiff's "*pro se* status does not exempt [her] from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotations and citations omitted).

As to Plaintiff's claims for First Amendment retaliation, the allegations set forth in [laintiff's complaint fall far short of these established standards and, accordingly, these claims should be dismissed.

### B. First Amendment Retaliation Claim

In order to establish a prima facie case of First Amendment retaliation, an employee must demonstrate the following elements: (1) she spoke as a citizen on a matter of public concern, and not merely as an employee on a matter of personal interest; (2) she suffered an adverse employment action; and (3) the speech at issue was a substantial or motivating factor for the adverse action. See Johnson v. Ganim, 342 F. 3d 105, 112 (2d Cir 2003). In determining the threshold question of whether the speech in question qualifies as protected, the court must determine whether the employee was speaking "as a citizen," or whether she was acting as an

employee pursuant to her official job duties.  Sousa v. Roque, 578 F.3d 164, 170 (2d Cir. 2009) (internal quotations omitted).  "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does no insulate their communications from employer discipline."  Garcetti v. Ceballos, 547 U.S. 410, 421 (2006).  Whether an employee spoke as a citizen on a matter of public concern is a question of law for the court to determine by reference to the content, form, and context of statements in question.  See Connick v. Meyers, 461 U.S. 138, 148 n. 7 (1983).

Plaintiff here cannot satisfy her prima facie burden to demonstrate that she engaged in "protected speech" by speaking as a citizen, rather than acting pursuant to her official duties.  In her complaint, plaintiff alleges that she was retaliated against for "reporting unethical practices of not being able to address the IEP (Individualized Education Plan ) goals of students with disabilities within the classroom." See Complaint ¶ 32.

It is axiomatic that the duties of a teacher include ensuring that her students are adequately provided with the appropriate educational services and instruction.[5] Agyeman v. Roosevelt Union Free Sch. Dist., 254 F. Supp. 3d 524, 535 (E.D.N.Y. 2017) (teacher who complained about her school's policies regarding disabled students spoke as a public employee); White v City of NY, 2014 US Dist LEXIS 123255 at *29 (S.D.N.Y Sep. 3, 2014)( ruling that a special education teacher's "speech pertaining to the location and scheduling of the services for her special education students clearly falls within the scope of her professional duties"); Ross v. New York City Dep't of Educ., 935 F. Supp. 2d 508, 519 (E.D.N.Y. 2013) ("[p]laintiff was acting as an educator, not a private citizen, when he complained to his union representative about

---

[5] But see Butts v NY City Dept. of Educ., 2018 US Dist LEXIS 170195 at *14-17 (EDNY Sep. 28, 2018) (holding that a teaching paraprofessional spoke as a citizen, rather than an employee when she questioned two of the school's IEP policies)

the dangers to students caused by the conditions of the classroom in which he was assigned to teach"); Massaro v. N.Y. City Dep't of Educ., 481 Fed. Appx. 653, 656 (2d Cir. 2012) ("[plaintiff's] complaints [regarding unsanitary working conditions] concerned her ability to properly execute [her] duties as a public school teacher, because they were aimed at […] ensuring that she had a safe and clean environment in which to work […]"); Weintraub v. Bd. of Educ., 593 F.3d 196, 203 (2d Cir. 2010) (plaintiff's grievance regarding student discipline was "part-and-parcel of his concerns about his ability to properly execute his duties, as a public school teacher—namely, to maintain classroom discipline, which is an indispensable prerequisite to effective teaching and classroom learning.") (internal citations omitted); Shums v. N.Y. City Dep't of Educ., No. 04-cv-4589, 2009 U.S. Dist. LEXIS 21229, 2009 WL 750126 at *14 (E.D.N.Y. Mar. 17, 2009) ("[a]s an ESL teacher, plaintiff's duties included making sure that students received the requisite ESL instruction, as well as assisting students with the more practical need of traveling between classrooms effectively"); Felton v. Katonah Lewisboro Sch. Dist., No. 08 Civ. 9340, 2009 U.S. Dist. LEXIS 64660, at *13 (S.D.N.Y. July 27, 2009) (noting that the duties of any teacher necessarily include "ensuring that a classroom is well supplied, safe, and conducive to learning and that the curriculum is substantively appropriate."); Mulcahey v. Mulrenan, No. 06-4371, 2008 US Dist. LEXIS 665 at *17 (S.D.N.Y Jan. 3, 2008) ("verbalizing an inability to perform official duties is, itself, an official duty").  Accordingly, the speech Plaintiff alleges led to her retaliatory discontinuance, letters to file, and other actions allegedly taken against her was made entirely in the course of executing of her official duties. Such speech is not protected under the First Amendment and her claim must therefore be dismissed.  See Garcetti, 547 U.S. at 421.

Moreover, Plaintiff's speech is not protected by the First Amendment as she directed her speech exclusively to other employees within her workplace.  See Complaint at ¶ 32. There are no allegations that plaintiff ever addressed her concerns about "methods required to address the needs and fulfillment of IEP goals of students with disabilities" to the public at large, to the media, to elected officials, or even to employees or agents of the BOE outside of her supervisors and colleagues. Frisenda v. Inc. Vill. of Malverne, 775 F. Supp. 2d 486, 507-509 (E.D.N.Y. 2011) (on a motion for summary judgment, holding that an police officer's speech was not protected when the speech's subject matter related to the officer's employment as a police officer, that the speech was only made internally within the police department and that the matters the speech concerned "were things that [plaintiff] came to learn as part of his duties and responsibilities in the [police department]."). Here, the fact that Plaintiff never complained about these alleged methods outside of her conversation with Principal Raulli, dictates a finding that she spoke as an employee, pursuant to her job duties, and not as a citizen. See Einsohn v NY City Dept. of Educ., 2019 US Dist LEXIS 167878 at *16 (EDNY Sep. 27, 2019) ("In the context of public schools, courts 'have consistently held that when teachers raise concerns up the chain of command, or through channels only available to those working in the school on subjects related to their jobs, 'they do not speak as citizens.')

In addition, Plaintiff's conversation with Principal Raulli regarding special education services are not protected speech as they resulted from special knowledge gained through her employment.  No citizen unaffiliated with the BOE could have had knowledge of whether students were receiving the appropriate special education services during class time. Rather, plaintiff's role as a special education teacher provided her with the knowledge of what services were required and the opportunity to observe how such services were being

administered.  Under similar circumstances, courts have concluded that speech was unprotected. See Healy v. City of New York Dep't of Sanitation, 286 Fed. App'x 744 (2d Cir. 2008) (plaintiff's speech was unprotected when he was required to conduct an inventory check as part of his duties, discovered during a check what he perceived as evidence of corruption, and reported these findings to his supervisor); Frisenda, 775 F. Supp. 2d at 506.

Additionally, Plaintiff's alleged speech is too vague to support a First Amendment retaliation claim. Indeed Courts have rejected First Amendment retaliation claims because the allegations within the claims were "vague and speculative" and "did not identif[y] the protected speech." Solomon v De Blasio, 2018 US Dist LEXIS 213929 (E.D.N.Y Dec. 18, 2018) report and recommendation adopted 2019 US Dist LEXIS 3376 (E.D.N.Y Jan. 7, 2019) (quoting Irwin v. West Irondequoit Cent. Sch. Dist., 2017 U.S. Dist. LEXIS 29982 *6 (W.D.N.Y. Mar. 2, 2017)). Here, Plaintiff merely alleges that she was retaliated against for "reporting unethical practices of not being able to address the IEP (Individualized Education Plan ) goals of students with disabilities within the classroom." See Complaint ¶ 32. She does not specify the nature of the alleged unethical practices nor the methods which she disagreed with. Her allegations are thus too vague to support a claim for First Amendment retaliation.   See Iqbal, 556 U.S. at 678 (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to defeat a motion to dismiss) Thomas v. N.Y.C. Dep't of Educ., No. 09-CV-5167, 2011 U.S. Dist. LEXIS 32801 at *36-37 (E.D.N.Y. Mar. 29, 2011) (Plaintiffs' claims that they exercised their First Amendment rights "to oppose defendants' illegal acts of creating false reports and covering up other wrongdoing in their school" but did not describe any statements made by the plaintiffs or specify to whom any statements were too

vague to permit the Court "to determine whether Plaintiffs' speech, if any, related to a matter of public concern or was pursuant to the Plaintiffs' official duties.").

For the foregoing reasons, Plaintiff spoke not as a citizen, but as a public employee pursuant to her official job duties, and, accordingly, she has failed to state a retaliation claim under the First Amendment.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that the Complaint be dismissed in its entirety, that the request for relief be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems appropriate.

Dated: New York, New York
        April 7, 2020

> **JAMES E. JOHNSON**
> A Corporation Counsel of the
>   City of New York
> Attorney for Defendants
> 100 Church Street, Room 2-109(d)
> New York, New York 10007-2601
> (212) 356-0879
>
> By: _____/s/_____
>                     M. Adil Yaqoob
>                     Assistant Corporation Counsel